Law Offices Of P. Randall Noah
P. Randall Noah, SBN 136452
8 Camino Encinas, Suite 220
Orinda, CA 94563
Tel. (925) 253-5540
Fax. (925) 253-5542

Attorney for Plaintiff,
Douglas A. Taylor

E-filing

FILED

JUL - 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

ADR

DOUGLAS A. TAYLOR,

    Plaintiff,

vs.

AT&T CORP., SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,

    Defendants.
_____/

CASE NO. C08-03271 CW

COMPLAINT
29 USC §1132(a)(1)(B)

PLAINTIFF, DOUGLAS A. TAYLOR, ALLEGES AS FOLLOWS:

**JURISDICTION**

    1.   This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

    2.   Venue is proper under 29 USC §1132(g) in that the breach described below occurred within the territorial

P. RANDALL NOAH
ATTORNEY AT LAW

limits of the above-titled court, and defendants do business within the jurisdictional limits of the United States District Court Northern District of California.

3. Plaintiff was at the time the contract was formed, and at all times herein mentioned, a resident of Stockton, California.

4. Plaintiff is informed and believes that Defendant, AT&T Corp. is, and at all times herein mentioned was, a New Jersey corporation, with its principal place of business in Bedminster New Jersey. Plaintiff is informed and believes that Defendant, Sedgwick Claims Management Services, Inc., is, and at all times herein mentioned was, a Tennessee corporation, with its principal place of business in Memphis, Tennessee.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

5. Plaintiff worked for AT&T as a Communications Technician for 7 years until November 2007. Due to increasing depression and anxiety, plaintiff began treating with a psychiatrist in November, 2007, and had to leave work on November 7, 2007, due to his mental health illness. Plaintiff was taken off work in November, 2007 due to depression, anxiety and insomnia. Plaintiff's treating physician continued to diagnose depression and concluded plaintiff could not return to work due to deteriorating mental health, and he was disabled from his employment, and precluding due to his physical and mental limitations, from

any employment. Plaintiff has remained continuously disabled from his work, with his medical condition being treated. Plaintiff's treating physician's opinion with regard to his work disability remains the same today.

6. When plaintiff was determined to be permanently disabled in November 2007, there was in existence for all AT&T employees, including the plaintiff, a certain long term disability insurance plan through self funded by AT&T and administered by Sedgwick Claims Management Services.

7. The long term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability, whether due to physical or mental illness.

8. Plaintiff's depression and anxiety disorder led to a total disability from his occupation as a communications technician, as determined by his medical doctor, and he applied for benefits under the long term disability insurance plan administered by defendants. Plaintiff's application for benefits was based on the opinion of plaintiff's treating physician that he could not return to work in his former occupation with AT&T.

9. Plaintiff's personal physician stated that plaintiff was in fact disabled from returning to work as a communications technician due to his mental health illness.

10. Plaintiff accordingly applied for benefits under defendants' long term disability plan, and was denied.

Plaintiff appealed defendants' decision in accord with the requirements of his policy, and that appeal process has been exhausted as set forth in a letter to plaintiff dated February 18, 2008. No payments have been received by plaintiff under the long term disability plan at issue.

11. The relevant portion of defendants' sickness and disability benefits plan reads as follows:

"A disabled Employee shall not be entitled to Sickness Disability Benefits or Accident Disability Benefits if ... He fails to give proper information respecting he condition ...."

12. Defendants breached their obligation under the long term disability plan by denying coverage for plaintiff's disability payments when plaintiff met all of the above criteria by submitting his treating physician's reports which verified the mental illness and work disability. Defendants simply disagreed with the treating physicians, incorrectly relying on their own consultants' subjective determination of the degree of plaintiff's disability instead of the findings and conclusions of plaintiff's personal physicians.

13. Plaintiff at all times herein mentioned has performed all the terms and conditions of the defendants' long term disability plan on his part to be performed.

14.  As a proximate result of defendants' failure and refusal to perform its obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect his rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendants as follows:

1. For compensatory damages;
2. For costs of suit herein;
3. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;
4. For such other and further relief as the court may deem proper.

DATED: July 2, 2008           Law Offices Of P. Randall Noah

                              By: _____

                              P. Randall Noah
                              Attorney for Plaintiff,
                              Douglas A. Taylor

5.

Complaint

Law Offices Of P. Randall Noah
P. Randall Noah, SBN 136452
8 Camino Encinas, Suite 220
Orinda, CA 94563
Tel. (925) 253-5540
Fax. (925) 253-5542

Attorney for Plaintiff,
Douglas A. Taylor

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS A. TAYLOR,           Plaintiff, vs. AT&T CORP., SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,           Defendants. _____/ | CASE NO. C 08-03271 CW COMPLAINT 29 USC §1132(a)(1)(B) |

PLAINTIFF, DOUGLAS A. TAYLOR, ALLEGES AS FOLLOWS:

**JURISDICTION**

1.   This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

2.   Venue is proper under 29 USC §1132(g) in that the breach described below occurred within the territorial

limits of the above-titled court, and defendants do business within the jurisdictional limits of the United States District Court Northern District of California.

3. Plaintiff was at the time the contract was formed, and at all times herein mentioned, a resident of Stockton, California.

4. Plaintiff is informed and believes that Defendant, AT&T Corp. is, and at all times herein mentioned was, a New Jersey corporation, with its principal place of business in Bedminster New Jersey. Plaintiff is informed and believes that Defendant, Sedgwick Claims Management Services, Inc., is, and at all times herein mentioned was, a Tennessee corporation, with its principal place of business in Memphis, Tennessee.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

5. Plaintiff worked for AT&T as a Communications Technician for 7 years until November 2007. Due to increasing depression and anxiety, plaintiff began treating with a psychiatrist in November, 2007, and had to leave work on November 7, 2007, due to his mental health illness. Plaintiff was taken off work in November, 2007 due to depression, anxiety and insomnia. Plaintiff's treating physician continued to diagnose depression and concluded plaintiff could not return to work due to deteriorating mental health, and he was disabled from his employment, and precluding due to his physical and mental limitations, from

any employment.  Plaintiff has remained continuously disabled from his work, with his medical condition being treated.  Plaintiff's treating physician's opinion with regard to his work disability remains the same today.

6.   When plaintiff was determined to be permanently disabled in November 2007, there was in existence for all AT&T employees, including the plaintiff, a certain long term disability insurance plan through self funded by AT&T and administered by Sedgwick Claims Management Services.

7.   The long term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability, whether due to physical or mental illness.

8.   Plaintiff's depression and anxiety disorder led to a total disability from his occupation as a communications technician, as determined by his medical doctor, and he applied for benefits under the long term disability insurance plan administered by defendants.  Plaintiff's application for benefits was based on the opinion of plaintiff's treating physician that he could not return to work in his former occupation with AT&T.

9.   Plaintiff's personal physician stated that plaintiff was in fact disabled from returning to work as a communications technician due to his mental health illness.

10.  Plaintiff accordingly applied for benefits under defendants' long term disability plan, and was denied.

Plaintiff appealed defendants' decision in accord with the requirements of his policy, and that appeal process has been exhausted as set forth in a letter to plaintiff dated February 18, 2008.  No payments have been received by plaintiff under the long term disability plan at issue.

11.   The relevant portion of defendants' sickness and disability benefits plan reads as follows:

"A disabled Employee shall not be entitled to Sickness Disability Benefits or Accident Disability Benefits if ... He fails to give proper information respecting he condition ...."

12.   Defendants breached their obligation under the long term disability plan by denying coverage for plaintiff's disability payments when plaintiff met all of the above criteria by submitting his treating physician's reports which verified the mental illness and work disability.  Defendants simply disagreed with the treating physicians, incorrectly relying on their own consultants' subjective determination of the degree of plaintiff's disability instead of the findings and conclusions of plaintiff's personal physicians.

13.   Plaintiff at all times herein mentioned has performed all the terms and conditions of the defendants' long term disability plan on his part to be performed.

14. As a proximate result of defendants' failure and refusal to perform its obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect his rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendants as follows:

1. For compensatory damages;

2. For costs of suit herein;

3. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

4. For such other and further relief as the court may deem proper.

DATED: July 2, 2008        Law Offices Of P. Randall Noah

                           By: _____
                               P. Randall Noah
                               Attorney for Plaintiff,
                               Douglas A. Taylor